George A Gallenthin, Esq., PA ID # 65038
P.O. Box 7866
Philadelphia, PA 19101-7866
215.680.6771

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| MARY SERFASS, ROXANNE M. RICHARDSON LISA J.STANTON and WILLIAM S. STANTON | : CASE NO. 02CV2747 : |
| Plaintiffs | : Defendant's Brief In : Support of Denial of Motion |
| VS. | : to Remand : |
| JAMES A. MORELL | : |

**DEFENDANT'S BRIEF IN SUPPORT OF DENIAL
OF
MOTION TO REMAND
TO THE COURT OF COMMON PLEAS OF
NORTHAMPTON COUNTY, PENNSYLVANIA**

Defendant hereby briefs in opposition the Plaintiffs' Motion To Remand to The Court of Common Pleas of Northampton County, Pennsylvania, and in support thereof allege and aver the following:

FACTS

On Thursday, 12 April 2001, the Defendant, Dr. James A. Morell, was legally served a Writ of Summons, pursuant to Pa. R.C.P. 400 (a) and 401 (a).

On Wednesday, 8 August 2001, a complaint was served on the removing party by United States mail, in clear violation of Pa. R.C.P. 401 (a) and (b) (2) through (5). That is, as of Wednesday, 8 August 2001, the instant Writ of Summons was not re-issued pursuant to Pa. R.C.P. 401 (b) (2) and (5), and the Complaint did not serve as alternative original process as the Court Record clearly evidences the Complaint was served without conformance to Pa. R.C.P. 400 (a).

As of Wednesday, 27 March 2002, the Court of Common Pleas, Northampton County, record did not record a return of service was filed pursuant to Pa. R.C.P. 405 (e), and no re-issuance of the Writ of Summons had occurred pursuant to Pa. R.C.P. 401 (b) (2) through (5). See Exhibit A attached hereto made a part hereof.

On Monday, 25 March 2002, the Defendant, Dr. James a. Morell retained George A. Gallenthin, Esq. to represent him in the matter with the said Plaintiffs.

On Thursday, 28 March 2002, Defendant, Dr. James A. Morell, timely raised the Preliminary Objection of Failure to Effect Original Process either by Writ of Summons or Complaint before the Court of Common Pleas, Northampton County, PA.

On Thursday, 18 April 2002, the Plaintiffs' attorney cured the record of court by locating the proof of service of writ of summons and filed said with the Prothonotary of Northampton County, Easton, PA.

On Friday, 19 April 2002, the Honorable Judge Garb, Senior Judge, Court of Common Pleas, Northampton County, entered an Order of Court to defend or otherwise respond to the instant complaint within twenty (20) days, i.e. Wednesday, 8 May 2002.

On Friday, 3 May 2002, the Honorable Robert A. Freedberg, President Judge, Court of Common Pleas, Northampton County, PA, heard the Preliminary Objection as to

lack of original process and refused as a matter of law to preclude the Defendant, Dr. James A. Morell, from filing a Notice of filing Petition For Removal. See Exhibit B attached hereto and incorporated herein as if more fully setforth at length.

As of Wednesday, 8 May 2002, the Plaintiff failed to exercise the legal right of default pursuant to Pa. R.C.P. 237.1 and 237.2.

On Wednesday, 8 May 2002, the Defendant, Dr. James A. Morell, filed a Notice of Filing Petition For Removal within the time allowed by Judge Garb to respond or otherwise defend.

As of Friday, 21 June 2002, the writ summons and complaint, i.e. the initial pleading, clearly require amendments. The writ of summons and complaint are defective because:

> 1.) the Plaintiffs' attorney fails to note on the Writ of Summons his current certificate number issued by the Court Administrator of Pennsylvania as required proof of the right to practice in the county pursuant to Pa. R.C.P. 205.1;
>
> 2.) the named defendant is incorrectly alleged James A. Morrell in violation of Pa. R.C.P. 1018 and 1019;
>
> 3.) the four causes of action in the original complaint fail to set forth material facts of each element constituting a cause of action pursuant to Pa. R.C.P. 1019 (a) and especially (f);
>
> 4.) the Plaintiffs' attorney fails to note on the complaint his current certificate number issued by the Court Administrator of Pennsylvania as required proof of the right to practice in the county pursuant to Pa. R.C.P. 205.1;

5.) the complaint's joint verification by the Plaintiffs' fail to conform to Pa. R.C.P. 1024;

6.) the Plaintiffs' attorney failed to provide a certificate of service of the complaint;

7.) the Plaintiffs' attorney failed to provide or file with the court a certified mail, return receipt, restricted delivery receipt, i.e. "a green card";

8.) the signature of Plaintiffs' attorney on the complaint is not dated;

9.) the signatures of the Plaintiffs are not dated on the improper joint verification;

10.) the Plaintiffs' attorney has not entered his appearance pursuant to Pa. R.C.P. 1012.

As of Friday, 21 June 2002, the Plaintiffs have waived any right to avoid a Petition for Removal by Plaintiffs' failure to enter a Notice of Intent to Default pursuant to Pa. R.C.P. 237.1 and 237.2.

ISSUE

WHETHER THE PETITION OF DEFENDANT, DR. JAMES A. MORELL, TO REMOVE TO THE U.S. DISTRICT COURT, EASTERN DISTRICT, SHOULD BE GRANTED AS THE PLAINTIFFS IGNORED AND FAILED TO MEET THE TECHNICAL, I.E. PROPER, SERVICE REQUIREMENTS AND VIOLATED CASE LAW IN <u>BARATT</u> AND <u>MURPHY</u> AS THEY INTERPRET TITLE 28 U.S.C. 1446 (b)?

SUGGESTED ANSWER: YES.

APPLICABLE LAW

Title 28 U.S.C. § 1332 reads:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different States….

Title 28 U.S.C. § 1441 (a) reads:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending….

Title 28 U.S.C. § 1446 (b) reads:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based….

Baratt v. Phoenix Mutual Life Insurance, Co.; 787 F.Supp. 333, 1992 U.S. Dist. LEXIS 3658, decided 16 March 1992, clarifies and interprets Title 28 U.S.C. §§ 1332, 1441 (a), and 1446 (b) as follows:

"The "through service or otherwise" language "was not intended to diminish the right to removal"… "To conclude that the "or otherwise" language permits a plaintiff to ignore the technical service requirements is simply inconsistent with the legislative intent behind the 1949 amendment…" "The simplest and fairest route is to hold that the removal period is not triggered until there has been proper service." BARATT at page 3.

Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.; 526 U.S. 344, 119 S.Ct. 1322; 143 L.Ed. 2d 488; 1999 U.S. LEXIS 2346, clarifies and interprets Title 28 U.S.C. § 1446 (b) and Baratt as follows:

"In enacting § 1446 (b), Congress did not endeavor to break away from the traditional understanding. Prior to 1948, a defendant could remove a case any time before the expiration of the time to respond to the complaint under state law." MURPHY at page 4. "The interpretation of § 1445 (b) adopted here adheres to tradition, makes sense of the phrase "or otherwise" and assures defendants adequate time to decides whether to remove an action to federal court." MURPHY at page 4. "…if the defendant is served with the summons but is furnished with the complaint sometime after, the removal period runs from the receipt of the complaint." MURPHY at page 4.

Pa. R.C.P. 401 (b) (2) and (5) requires:

"if an action is commenced by writ of summons **and** a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process."

Pa. R.C.P. 400 (a) provides:

"…original process shall be served within the Commonwealth only by the sheriff."

ARGUMENT

Pa. R.C.P. 401 (b) (2) and (5) requires "if an action is commenced by writ of summons **and** a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process." That is, in the matter at bar, the Pennsylvania Rules of Civil Procedure require an **issued writ at the time of service of the complaint**,

which is not the facts of the instant case and as such bars effective proper original process.

The facts in this matter at bar are: 1.) the writ of summons, although defective because Plaintiffs' attorney failed to note on the writ of summons his current certificate number issued by the Court Administrator of Pennsylvania as required proof of the right to practice in the county pursuant to Pa. R.C.P. 205.1, was properly served, i.e. a sheriff's officer served Defendant, Dr. James A. Morell, within the required thirty days; 2.) the writ of summons lapsed on Sunday, 13 May 2001; and 3.) the complaint, if it was served at all, was served out of time as the writ was never reissued and expired on Sunday, 13 May 2001.  These facts prove as a matter of law the proper service of process required in BARATT and MURPHY to trigger the thirty (30) days period never occurred.  The United States Supreme Court, adopting BARATT, requires "the simplest and fairest route is to hold that the removal period is not triggered until there has been proper service." BARATT at page 3.  As the Plaintiffs failed to serve pursuant to Pa. R.C.P. 401 (b) (2) and (5), the complaint is not properly served and the Petition for Removal is timely.

If the Plaintiffs argue the complaint is alternative original process, then the Plaintiffs must conform to service by the Northampton County Sheriff's Office pursuant to Pa. R.C.P. 400 (a), which Plaintiffs admit they did not do.  The complaint is not properly served and the Petition for Removal is timely.

Further, the complaint clearly states the Defendant is JAMES A. MORRELL, while the Petitioner's name is JAMES A. MORELL.  The Plaintiffs have sued the wrong person, at least in name, and, as such, the complaint is not properly served and the Petition for Removal is timely.

Further, the Plaintiffs have **waived** any right to Motion to Remand the instant matter to state court as the Plaintiffs failed to file a notice of intent to default pursuant to Pa. R.C.P. 237.1.

## CONCLUSION

For all the foregoing, the Defendant, Dr. James A. Morell respectfully requests the Honorable Court deny the Motion To Remand and order the matter to proceed in the United States District Court For The Eastern District Of Pennsylvania.

Dated: Friday, 21 June 2002                Respectfully Submitted,

                                           _____
                                           George A. Gallenthin, Esq.
                                           Attorney for Defendant

CERTIFICATE OF SERVICE

      I, George A Gallenthin, Esq., hereby certify that on Monday, 24 June 2002, I did serve a true and correct copy of the foregoing Response to Motion To Remand, on Robert E. Sletvold, Esq., LAUER & SLETVOLD, P.C., 701 Washington Street, Easton, Pa. 18042, attorney for plaintiffs in the above-entitled action, by causing same to be placed in the United States mail, First Class, Postage Pre-paid and addressed to Robert E. Sletvold, Esq., LAUER & SLETVOLD, P.C., 701 Washington Street, Easton, Pa. 18042.

Dated: Monday, 24 June 2002

                                                                                                               _____
                                                                                                               George A. Gallenthin, Esq.
                                                                                                               P.O. Box 7866
                                                                                                               Philadelphia, PA 19101-7866